UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF WISCONSIN

EULA RED,

        Plaintiff,                       Case No.: _____

    v.

MILWAUKEE BOARD OF SCHOOL          Jury Trial Demanded
DIRECTORS,

        Defendant.

## COMPLAINT

NOW COME Plaintiff Eula RED ("RED"), by her attorneys, Cade Law Group LLC, and for her Complaint against Milwaukee Board of School Directors (collectively, "DEFENDANT" or "MPS", unless otherwise noted) allege:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race and sex by defendant Milwaukee Board of School Directors ("MPS") and to provide appropriate relief to RED. As alleged with greater particularity below, defendant has engaged in unlawful discrimination by terminating RED on the basis of her race and ending her employment at MPS on the basis of her race.

2. This also is a civil action about age discrimination in the workplace in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq*.

3. In addition, this is a civil action about discrimination in the workplace in violation of the Americans with Disabilities Act of 1964, as amended by the Americans with

1

Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* (hereinafter, "ADA").

**JURISDICTION**

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. This Court also has subject matter jurisdiction pursuant to: 28 USC § 1331 because the claims arise under the laws of the United States; 28 USC § 1337(a) because the claims arise under an Act of Congress regulating commerce; and 29 USC § 185 because the claims concern the violation of contracts and/or contract negotiations between an employer and labor organization.

6. To the extent the claims allege violations of state law, this Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367, because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

7. Venue is proper pursuant to 28 USC § 1391 because MPS has its principal place of business in this judicial district and all of the events, omissions, or occurrences giving rise to the lawsuit took place in this District.

8. RED has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 by timely filing a charge of discrimination with the EEOC. RED received a notice of right to sue on November 18, 2019.

9. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367 because they form part of the same case or controversy as the aforementioned

claims.

10. Venue in this judicial district is proper by virtue of 28 U.S.C. §1391 in that many of the alleged acts were committed in the Eastern District of Wisconsin. RED worked for DEFENDANT in the Eastern District of Wisconsin. Additionally, the DEFENDANT does business in the Eastern District of Wisconsin.

## PARTIES

11. RED is an adult African-American female residing at 9722 W. Beechwood Avenue, Milwaukee, WI 53224. Her date of birth is July 29, 1964.

12. DEFENDANT Milwaukee Board of School Directors d/b/a Milwaukee Public Schools ("MPS"), at all material times, is a municipal corporation located in the State of Wisconsin with a principal place of business at 5225 West Vliet Street, Milwaukee, Wisconsin 53201.

## FACTS

13. RED was hired on or about February 21, 2001 and was thirty-six years old at the time of her hiring.

14. At all material times, RED performed her work duties in accordance with the reasonable expectations of MPS.

15. RED was terminated on or about August 18, 2018. At the time of her termination, RED was fifty-six years old.

16. RED suffered a brain aneurysm in January 2018, requiring an extended hospitalization and therapy.

17. MPS officials claimed that RED quit her job when she did not report for work. However, her school principal was aware that she was hospitalized and also had visited RED in the hospital.

18. In addition, RED's brother informed MPS officials that RED was hospitalized and would miss work due to her medical condition.

19. RED's contract was not renewed while she was recovering and under a disability due to the aneurysm.

20. MPS purportedly informed RED in June 2018 that she could utilize the MPS grievance system, but incorrectly sent mail and other grievance paperwork to the wrong home address (an address RED had not resided at for over 15 years), and so she never received the paperwork.

21. RED's attorney, Nathaniel Cade, contacted Attorney Leia Scoptur of MPS several times to discuss, but she failed to return his phone calls. Subsequently, Attorney Cade was in contact with Attorney Robin Pederson of the City Attorney's office in October 2018 with regards to another matter and asked if he could contact Attorney Scoptur to determine the status of the matter. Within two hours of that contact, Attorney Scoptur sent Attorney Cade an email arguing that RED had waived her right to use the grievance procedures, despite the fact that she never received the paperwork since it was sent to the wrong address.

22. In addition, Attorney Cade previously made a request for RED's employment file. Attorney Cade was not provided any documents or materials that pertained or related to RED's alleged right to a grievance. Subsequently, in arguing that RED should have filed a grievance, Attorney Scoptur informed Attorney Cade that when he requested RED's employment file, he also should have requested RED's grievance file. However, in response to Attorney Cade's inquiries, Attorney Scoptur and others admitted that there is no separate grievance file.

23. RED filed a claim against MPS with the EEOC on November 12, 2018.

24. The EEOC issued a Right to Sue letter, dated November 18, 2019, to RED. Attached hereto and incorporated herein as **Exhibit A** is a true and correct copy of the Right to Sue letter, as issued by the EEOC.

25. RED, by her counsel, submitted a Notice of Claim to MPS on March 28, 2019, pursuant to Wis. Stat. § 893.80. The Notice of Claim was received by MPS April 1, 2019. Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Claim.

26. MPS took no action on the claim, which is tantamount to a rejection of the claim. This lawsuit is timely pursuant to Wis. Stat. § 893.80.

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE

27. RED realleges and incorporate by reference the above paragraphs as if they were set forth herein.

28. RED was treated differently because of her race. She was not provided the appropriate information about the grievance procedure, nor was she afforded due process during the termination process..

29. Moreover, the decision to terminate RED was based on her race, in violation of Title VII.

30. The DEFENDANT's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

31. As a result of DEFENDANT's intentional discrimination, RED has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages she will establish at trial.

## COUNT II
## DISCRIMINATION ON THE BASIS OF SEX

32. RED realleges and incorporate by reference the above paragraphs.

33. RED was treated differently based on her sex. She was not provided the appropriate information about the grievance procedure, nor was she afforded due process during the termination process..

34. Moreover, the decision to terminate RED was based on her race, in violation of Title VII.

35. The DEFENDANT's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

36. As a result of DEFENDANT's intentional discrimination, RED has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages she will establish at trial.

## COUNT III
## ADEA DISCRIMINATION

37. RED realleges and incorporate by reference the above paragraphs.

38. MPS was aware of RED's age at the time of her termination, but terminated her nonetheless because of her age.

39. MPS discriminated against RED based on age and terminated her in reckless disregard of her federally protected rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

40. The DEFENDANT's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

41. As a result of DEFENDANT's intentional discrimination, RED has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages she will establish at trial.

## COUNT IV
## BREACH OF THE AMERICANS WITH DISABILITIES ACT OF 1990

42. PLAINTIFF incorporates the preceding paragraphs by reference.

43. PLAINTIFF is a qualified individual with a disability, as that term is defined by the ADA.

44. MPS breached the ADA and intentionally discriminated against PLAINTIFF on the basis of his disability, of which MPS was aware, by failing to reasonably accommodate her disability in reckless disregard for her federally-protected rights under the ADA.

45. MPS breached the ADA and intentionally discriminated against PLAINTIFF on the basis of her disability by terminating PLAINTIFF'S employment in reckless disregard for her federally-protected rights under the ADA, and despite knowing that PLAINTIFF was on medical leave because of her disability.

46. The DEFENDANT's conduct violated the Americans with Disabilities Act of 1964, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* (hereinafter, "ADA").

47. As a result of MPS' intentional discrimination and breach of the ADA and, PLAINTIFF has suffered damages in the form of lost wages and benefits, humiliation, embarrassment, degradation, emotional distress, pain and suffering, and attorneys' fees and costs.

## COUNT V
## RETALIATION

48. RED realleges and incorporate by reference the above paragraphs.

49. RED complained to MPS about her termination and the discrimination she suffered under the ADA and the ADEA, among other things.

50. DEFENDANT intentionally retaliated against RED by terminating her for complaining and by failing to provide her with the appropriate information to file a grievance to challenge her termination in reckless disregard of her federally protected rights under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991 ("Title VII").

51. DEFENDANT intentionally retaliated against RED by terminating her for opposing age discrimination in the workplace in reckless disregard of her federally protected rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*

52. By such actions, MPS engaged in intentional discrimination against RED with malice and reckless indifference to her federally protected rights.

53. MPS' Conduct violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e-3(a).

54. MPS' Conduct violated Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*

55. The DEFENDANT's conduct violated the Americans with Disabilities Act of 1964, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* (hereinafter, "ADA").

56. As a result of DEFENDANT's intentional retaliation, RED has suffered damages in the form of loss of wages and other employment benefits, attorney fees and costs, and other damages that she will establish at trial.

**RELIEF**

WHEREFORE, RED respectfully request that this Court:

a. Enter a judgment that the DEFENDANT violated Title VII of the Civil Rights Act of 1964 as amended;

b. Enter a judgment that the DEFENDANT violated the Age Discrimination in Employment Act of 1967;

c. Enter a judgment that the DEFENDANT violated the Americans with Disabilities Act of 1990;

d. Enter a judgment that the DEFENDANT retaliated against RED;

e. Enter judgment against the DEFENDANT and in favor of RED for prospective and retrospective monetary relief;

f. Enter judgment against the DEFENDANT and in favor of RED for compensatory damages;

g. Enter judgment against the DEFENDANT and in favor of RED for punitive damages, including punitive damages pursuant to 42 U.S.C. §1981a;

h. Order DEFENDANT MPS to reinstate RED;

i. Award RED the cost of this action and reasonable attorneys' fees; and

j. Grant RED such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

RED demands a jury trial on all issues of fact.

Dated this 1st day of January, 2020.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff Eula D. RED